**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
SHADI HANIF JAMES,                :
                                  :     Civil Action No. 03-3694 (JAP)
              Petitioner,         :
                                  :
        v.                        :
                                  :          OPINION
LYDELL SHERRER, et al.,           :
                                  :
              Respondents.  :
                                  :
```

**APPEARANCES:**

SHADI HANIF JAMES, Petitioner <u>Pro Se</u>
#226410/SBI# 757285A
Northern State Prison
168 Frontage Road
Newark, New Jersey 07114

RAYMOND W. HOFFMAN, ESQ.
Office of the Essex County Prosecutor
Essex County Courts Building
Newark, New Jersey 07102
Attorneys for Respondents

**PISANO, District Judge**

This matter is before the Court on petitioner Shadi Hanif James' application for habeas corpus relief under 28 U.S.C. § 2254.  For the reasons stated below, the petition for habeas relief will be denied for failure to make a substantial showing of a federal statutory or constitutional deprivation.

## I.  BACKGROUND

### A.  Procedural History

Petitioner, Shadi Hanif James ("James"), is presently confined at the Northern State Prison in Newark, New Jersey, serving an aggregate sentence of 35 years in prison with a 30-year period of parole ineligibility.

James was tried before a jury in February 1990, with the Honorable Anthony J. Iuliani, J.S.C., presiding.  After four days of trial, the jury convicted James on charges of felony murder and second degree robbery, and unlawful use and possession of a handgun.  James was sentenced to an aggregate term of 30 years in prison with a 30-year parole disqualifier.  He appealed.  In an unpublished per curiam opinion dated October 21, 1992, the Appellate Division reversed the conviction and remanded the matter for a new trial based on the trial judge's ruling which "unduly limited the scope of cross-examination" of the State's key witness, Sharon Kasey.  State v. James, No. A-5826-89T4 (App. Div.  Oct. 21, 1992).

The case was retried in May 1994 before a jury with Judge Iuliani again presiding.  The jury found James guilty on two counts of first degree robbery, one count of felony murder, and on weapons charges.  Judge Iuliani sentenced James to an aggregate term of 35 years in prison and a 30-year period of parole ineligibility.  James again appealed, alleging claims of

2

prosecutorial misconduct and insufficient jury charge on the issue of self defense.  On April 4, 1997, the Appellate Division affirmed the conviction in an unpublished opinion.  The New Jersey Supreme Court denied certification on June 30, 1997. State v. James, 151 N.J. 73 (1997).

Thereafter, James filed a state motion for post-conviction relief ("PCR") on or about November 17, 1998, raising claims of ineffective assistance of trial and appellate counsel, trial court's failure to charge the jury on the lesser included offense of theft, and trial error in admitting hearsay testimony without curative instruction.  He amended his PCR petition to include an additional claim on June 23, 2000, asserting that the trial court erred in failing to instruct the jury on the definition of attempt.  The PCR court denied the petition on April 18, 2001 without an evidentiary hearing.  James appealed and the Appellate Division affirmed denial of PCR relief by an unpublished opinion dated January 31, 2003.  The New Jersey Supreme Court denied certification on July 5, 2003.

James then filed this federal habeas petition on or about August 4, 2003.  The respondents answered the petition and provided the relevant state court record on January 23, 2004. Petitioner filed a traverse or reply on February 13, 2004.

3

B.   Factual Background

The facts of this case were recounted below and this Court,
affording the state court's factual determinations the
appropriate deference under 28 U.S.C. § 2254(e)(1), will simply
reproduce the New Jersey Appellate Division's factual recitation:

> Defendant's conviction and sentence arose out of a homicide
> on June 24, 1987.  The State contended that the victim,
> William Jefferson, was shot and killed during an attempted
> robbery when a drug transaction turned sour.  The State's
> key witness was Sharon Kasey, a friend of the victim.  Kasey
> accompanied the victim to Newark where Jefferson intended to
> purchase cocaine.  She testified that defendant, instead of
> selling cocaine to Jefferson, attempted to rob her and
> killed Jefferson for his money.  Defendant was identified by
> Kasey through a photo array.  The police arrested defendant
> at a location given to them by an anonymous caller where,
> according to police, defendant was hiding in a closet.  The
> murder weapon was found in the kitchen garbage pail.
>
> Defendant testified.  He admitted that he intended to sell
> cocaine to Jefferson.  However, when he led Jefferson and
> Kasey to his "stash," he claimed that Jefferson pulled a gun
> on him.  A struggle ensued over the weapon.  During the
> struggle, the gun discharged three times.  On the third
> occasion, Jefferson was struck with a bullet and defendant
> was left holding the gun.  He ran away with it in his hand.
> He denied taking money out of Jefferson's wallet.  While he
> admitted throwing the gun in the garbage pail where it was
> found by the police, he denied that he was hiding in the
> closet when the police arrived.  His defense to the charges,
> therefore, was self-defense or accidental homicide.  The
> jury obviously believed Kasey's version of the events rather
> than defendant's.

(Appellate Division Opinion, decided April 4, 1997, at pp. 2-3).

4

## II.  <u>CLAIMS FOR HABEAS RELIEF</u>

James raises the following claims in his federal habeas petition:[1] (1) Petitioner's constitutional rights were violated because the Appellate Division's decision rendered on January 31, 2003 was based on case law unfavorable to petitioner; and (2) Petitioner was denied a fair trial because of faulty jury instructions, in particular, (a) the trial court failed to properly instruct the jury on all the necessary elements in this case, (b) the trial court failed to charge the jury on the lesser-included offense of theft, which charge was given in petitioner's first trial, and (c) the jury instructions on the robbery offenses lacked structural definitions to properly guide the jury.

---

[1]  The State does not raise any affirmative defenses, such as time-bar, non-exhaustion, or procedural default.  The Court is satisfied from review of the state court record that all of the claims asserted by petitioner here were presented on state court review.  However, to the extent any of the claims were not exhausted in state court, this Court may opt to review such claims, and deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2).  Section 2254(b)(2) provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." <u>See</u> <u>also</u> <u>Lambert</u> <u>v. Blackwell</u>, 134 F.3d 506, 514-15 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919 (2001)(a district court may deny a petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), where "it is perfectly clear that an applicant does not raise even a colorable federal claim").

## III.  STANDARD GOVERNING REVIEW OF § 2254 CLAIMS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Duarte v. Hurley, 43 F. Supp.2d 504, 507 (D.N.J. 1999).  Because James is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

Under § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts in habeas matters must give considerable deference to determinations of the state trial and appellate courts.  See 28 U.S.C. § 2254(e); Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 122 S.Ct. 269 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(citing Parke v. Raley, 506 U.S. 20, 36 (1992)).  Section 2254(d) sets the standard for granting or denying a habeas writ:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an

6

> unreasonable determination of the facts in light
> of the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that subsection (d)(1) involves two clauses or conditions, one of which must be satisfied before a writ may issue. The first clause, or condition, is referred to as the "contrary to" clause. The second condition is the "unreasonable application" clause. Williams, 529 U.S. at 412-13. In the "contrary to" clause, "a federal court may grant the writ if the state arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. Under the "unreasonable application" clause, a federal court may grant the writ if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [the petitioner's] case." Id. at 413. Habeas relief may not be granted under the "unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. Id. at 411. See also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000), cert. denied,

7

532 U.S. 980 (2001); <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 891 (3d Cir. 1999), <u>cert. denied sub nom Matteo v. Brennan</u>, 528 U.S. 824 (1999).

Consonant with <u>Williams</u>, the Third Circuit has held that § 2254(d)(1) requires a federal habeas court to make a two step inquiry of the petitioner's claims. First, the court must examine the claims under the "contrary to" provision, identify the applicable Supreme Court precedent and determine whether it resolves petitioner's claims. <u>See Werts</u>, 228 F.3d at 196-97; <u>Matteo</u>, 171 F.3d at 888-891. If the federal court determines that the state court's decision was not "contrary to" applicable Supreme Court precedent, then the court takes the second step of the analysis under § 2254(d)(1), which is whether the state court unreasonably applied the Supreme Court precedent in reaching its decision. <u>Werts</u>, 228 F.3d at 197.

This second step requires more than a disagreement with the state court's ruling because the Supreme Court would have reached a different result. <u>Id</u>. AEDPA prohibits such <i>de novo</i> review. Rather, the federal habeas court must determine whether the state court's application of the Supreme Court precedent was objectively unreasonable. <u>Id</u>. In short, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court

precedent.  Id.; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court."  Id.; see also 28 U.S.C. § 2254(e)(1).  The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence.  See Duncan, 256 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings."  Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

IV.   ANALYSIS

A.   Alleged Problems with Appellate Process

The first claim asserted by James takes issue with the Appellate Division's ruling in its January 31, 2003 unpublished opinion, which affirmed the PCR court's denial of state post-conviction relief.  The respondents contend that this claim fails to "articulate a theory as to how [petitioner's] federal constitutional rights were violated" and thus, the claim "should be dismissed on its face."  (Respondents' Answer at pg. 15).

In his petition, James first alleges that he did not fail to assert the factual and legal bases to overcome the procedural bar established under New Jersey Court Rule 3:22-4.  The Appellate

9

Division apparently determined that petitioner's claims asserting prejudicial error in admitting hearsay testimony without curative instructions, and the failure of the trial court to instruct the jury on the definition of attempt, were procedurally barred because petitioner did not raise them in his direct appeal. This is an issue of state procedural law not subject to federal habeas review.

Generally, matters of state law and rules of procedure are not reviewable in a federal habeas petition. The Supreme Court has stated that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal courts must afford the states deference in its determinations regarding evidence and procedure. See Crane v. Kentucky, 476 U.S. 683, 690 (1986). It is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted), cert. denied, 522 U.S. 1109 (1998).

Here, James fails to articulate how the appellate court's procedural ruling was an error of constitutional dimension. Accordingly, this claim is denied as baseless.

10

Next, James asserts that had the Appellate Division carefully reviewed his case and followed the rule of "stare decisis", his conviction would have been reversed.  Again, James fails to set forth any factual or legal basis for this blanket claim.

Finally, James appears to assert that the Appellate Division should have reversed his conviction based on the cumulative effect of his counsel's errors.  While petitioner did not raise this precise claim in his PCR proceedings, he did assert four separate points of counsel error.  The Appellate Division found that all of these claims "lack[ed] sufficient merit to warrant discussion in a written opinion."

These claims and more were addressed more extensively by the PCR court during the PCR hearing conducted on April 18, 2001.  In its decision denying relief, the PCR court noted that petitioner's first trial also resulted in convictions on all charges.  On direct appeal, the matter had been remanded for a new trial based on the trial court's refusal to allow defense counsel to cross-examine the State's main witness, Ms. Kasey, on her pending criminal charges.  Thus, the PCR court opined that while some of the defense strategy may have been different in both trials, both trials still had resulted in a guilty verdict. The court further emphasized that there was little factual discrepancy between the State's version of the events and the

11

defendant's version.   The jury obviously believed Kasey's version

of the events rather than petitioner's.   Thus, the PCR concluded,

based on the Strickland standard[2], that not one of petitioner's

arguments on counsel's alleged ineffectiveness, nor the

cumulative effect of all of them, would have resulted in a

different outcome at trial.

   After reviewing the record, this Court finds nothing to

indicate that the state courts' decisions on this issue were

based on an unreasonable application of the facts in light of the

evidence presented at trial.   Nor were the decisions contrary to

---

   [2]   Strickland v. Washington, 466 U.S. 668 (1984).   Under
Strickland, a petitioner seeking to prove a Sixth Amendment
violation must demonstrate that his counsel's performance fell
below an objective standard of reasonableness, assessing the
facts of the case at the time of counsel's conduct.   Id. at 688-
89; Jacobs v. Horn, 395 F.3d 92, 102(3d Cir. 2005); Keller v.
Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S. 973
(2001).   Counsel's errors must have been "so serious as to
deprive the defendant of a fair trial, a trial whose result is
reliable."   Strickland, 466 U.S. at 688.   "In any case presenting
an ineffectiveness claim, the performance inquiry must be whether
counsel's assistance was reasonable considering all the
circumstances."   Id.

   If able to demonstrate deficient performance by counsel,
petitioner must also show that counsel's substandard performance
actually prejudiced his defense.   Strickland, 466 U.S. at 687.
Prejudice is shown if "there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the
proceeding would have been different.   A reasonable probability
is a probability sufficient to undermine confidence in the
outcome."   Id. at 694.   The reviewing court must evaluate the
effect of any errors in light of the totality of the evidence.
Id. at 695-96.   Thus, the petitioner must establish both
deficient performance and resulting prejudice in order to state
an ineffective assistance of counsel claim.   Id. at 697.   See
also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

established federal law.  James has not demonstrated that the state court decisions, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified.  <u>Matteo</u>, 171 F.3d at 891.  Accordingly, this claim will be denied for lack of merit.

## B.  <u>Jury Instructions</u>

Finally, James asserts that the jury instructions were deficient.  He alleges that the jury charge on robbery was deficient because it failed to address all of the elements of the offense.  This Court's review of the entire jury charge reveals that the instruction covered all essential elements of each offense charged, and was not deficient in any meaningful way that would have resulted in a violation of due process or fundamental fairness.  The court also fully instructed the jury on the elements of self defense and the defense of accident or misadventure with respect to the felony murder charge.  Thus, the Court finds no merit to petitioner's claim on this issue.

James also asserts that the trial court failed to instruct the jury on the lesser included offense of theft.  This charge apparently was given in petitioner's first trial.  This claim also subsumes another claim that the jury charge on robbery was structurally deficient because it required the jury to reach an "all or nothing" verdict.

Questions relating to jury charges are normally matters of state law and are not cognizable in federal habeas review.  See Engle v. Isaac, 456 U.S. 107 (1982); Henderson v. Kibbe, 431 U.S. 145 (1977); Zettlemoyer v. Fulcomer, 923 F.2d 284, 309 (3d Cir.), cert. denied, 502 U.S. 902 (1991); Grecco v. O'Lone, 661 F. Supp. 408, 412 (D.N.J. 1987)(Thompson, J.).  Only where the jury instruction is "so prejudicial as to amount to a violation of due process and fundamental fairness will a habeas corpus claim lie."  Id.

"[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief."  Estelle v. McGuire, 502 U.S. at 71-72.  Rather, the district court must consider "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' ... not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.'"  Henderson, 431 U.S. at 154 (quoting Cupp v. Naughten, 414 U.S. 141, 146-47 (1973)).  Moreover, "[t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state's court judgment is even greater than the showing required to establish plain error on direct appeal."  Id.

In Beck v. Alabama, 447 U.S. 625, 635 (1980), the Supreme Court held that in a capital case, a trial court must give a

14

requested charge on a lesser included offense where it is
supported by the evidence.  447 U.S. at 635; Gilmore v. Taylor,
508 U.S. 333, 360 (1993).  The Court left open the question of
whether instructions on lesser included offenses were required in
non-capital cases.  Id.  The Third Circuit has held that trial
courts must charge a lesser included offense so that the jury
does not convict a defendant of a crime more serious than the
jury believes the defendant actually committed merely because the
jury believes the defendant had some degree of involvement and
does not want to set the defendant free.  Vujosevic v. Rafferty,
844 F.2d 1023, 1027 (3d Cir. 1988)(citing Keeble v. United
States, 412 U.S. 205, 212-13 (1973)).  But see Geschwendt v.
Ryan, 967 F.2d 877, 884 n. 13 (3d Cir.)(observing that the
Supreme Court, in Schad v. Arizona, 501 U.S. 624 (1991), cast
doubt on the theory that due process requires the court to
instruct on a lesser included offense in non-capital offenses),
cert. denied, 506 U.S. 977 (1992).  Other circuits have held that
the failure to give lesser included offense instructions in a
non-capital case does not present a constitutional question.  See
Pitts v. Lockhart, 911 F.2d 109, 112 (8th Cir. 1990), cert.
denied, 501 U.S. 1253 (1991); Bonner v. Henderson, 517 F.2d 135,
136 (5th Cir. 1975).

Under New Jersey law, an instruction as to a lesser offense
is warranted where the facts provide a rational basis for such a

15

conviction.  N.J.S.A. 2C:1-8e ("the court shall not charge the jury with respect to a lesser included offense unless there is a rational basis for a verdict convicting the defendant of the lesser included offense"); State v. Choice, 98 N.J. 295, 298-99 (1985).  However, a charge on a lesser included offense should not be given where it would invite the jury to engage in sheer speculation.  State v. Mendez, 252 N.J. Super. 155, 159 (App. Div. 1991), certif. denied, 127 N.J. 560 (1992).

This Court finds no need to determine whether or not due process requires a trial court to charge a jury on a lesser included offense in non-capital cases, because in this case, the evidence presented at trial clearly supported the charge on first and second degree robbery, not theft.  See Khalif v. Hendricks, 2005 WL 2397227 *20 (D.N.J. Sep. 28, 2005)(quoting Kontakis v. Beyer, 19 F.3d 110, 118 (3d Cir. 1994)("Nothing in Beck permits us to grant habeas relief when a state court refuses to charge a jury that it may convict a defendant for an offense when under state law the evidence could not justify the conviction")).

This Court further observes that the states are free to define criminal offenses in any way they see fit, within certain constitutional limitations, even through their lower courts. Smith v. Horn, 120 F.3d 400, 415 (1997), cert. denied, 522 U.S. 1109 (1998)(citing Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997)).  A habeas petitioner who challenges state jury

instructions must "point to a federal requirement that jury
instructions on the elements of an offense . . . must include
particular provisions," or "demonstrate that the jury
instructions deprived him of a defense which federal law provided
to him." Johnson, 117 F.3d at 110. Federal district courts
simply do not "sit as super state supreme courts for the purpose
of determining whether jury instructions were correct under state
law with respect to the elements of an offense and defenses to
it." Id; see also Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d
Cir.), cert. denied, 506 U.S. 977 (1992).

Moreover, a "trial court does not ... have the obligation on
its own meticulously to sift through the entire record in every
murder trial to see if some combination of facts and inferences
might rationally sustain a manslaughter charge." Choice, 93 N.J.
at 299. Rather, "[i]t is only when the facts 'clearly indicate'
the appropriateness of" an unrequested charge that the duty of
the trial court to provide the charge arises. Id. (quoting
State v. Mauricio, 117 N.J. 402 (1990)).

Here, defense counsel did not object to the jury
instructions, nor did he request a charge on the lesser included
offense of theft. Thus, petitioner must show that the evidence
presented at trial clearly indicated a rational basis for the
lesser included offense of theft so as to impose a duty on the
trial court to so instruct the jury. James fails to meet this

17

requirement. The sole defense to the robbery and felony murder charges was based on petitioner's testimony that he was acting in self defense or the shooting was an accident. This defense belies a theft offense. James did not admit that he intended to take money from the victim Jefferson or his girlfriend, Kasey, except in exchange for a drug transaction. This was in essence an all or nothing defense clearly designed to defeat a felony murder conviction by refuting Kasey's version of the incident which strongly indicated first degree robbery. Furthermore, the evidence at trial showed that the "theft" in this case was inextricably connected with the shooting of the victim Jefferson. Thus, if the jury believed that petitioner was guilty of theft, they would also have to conclude that he shot the victim. Such a finding reasonably supports the robbery conviction, not theft, which is simply the intentional taking of property from another without assaultive conduct. Therefore, there was no reasonable basis from the evidence and testimony at trial for the court to <u>sua</u> <u>sponte</u> instruct the jury on the lesser included offense of theft.

On direct appeal in this case, the Appellate Division found that the trial "judge had made it clear to the jury that it had to determine at the outset which of the two versions it believed because without the 'predicate crimes of robbery' there could be no felony murder." The jury was instructed to consider both self

18

defense and misadventure or accident at the same time that they considered the elements of the offenses charged.  The appellate court concluded that the jury instructions overall "did not have the clear capacity to mislead the jury and produce an unjust result."  (Appellate Division's April 4, 1997 unpublished Opinion, at pp. 5, 6).

Based on review of the record, the jury instructions as a whole, and the evidence at trial, this Court finds that there was no need for the trial court to <u>sua sponte</u> charge the jury on the lesser included offense of theft.  Such a charge was not clearly indicated from the evidence at trial, and petitioner has failed to demonstrate that the evidence at trial provided a rational basis for the jury to simultaneously acquit him of robbery and convict him of theft.  Moreover, even if it was error not to charge the jury on the lesser included offense of theft, the lack of such a charge did not affect the outcome of the trial.  There was sufficient evidence at trial to support the robbery conviction, and it was very clear that the jury believed Kasey's version of the incident and not the petitioner's.  Thus, at most, petitioner's claim of fault is based on omission, which the Supreme Court has stated is less serious than a misstatement of the law.  <u>See</u> <u>Henderson</u>, 431 U.S. at 155 ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law").  James fails to point to a federal

19

requirement that a specific instruction was required in this instance; nor can he demonstrate that the lack of the proposed charge deprived him of a defense which federal law provided to him.  Johnson v. Rosemeyer, 117 F.3d at 110.

Therefore, this Court concludes that the absence of a jury instruction on the lesser included offense of theft, when viewed in the context and evidence of this case, did not so infect the trial with unfairness as to violate James' due process rights. Accordingly, this claim will be denied for lack of substantive merit.

V.   CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the above reasons, this Court finds that the § 2254 habeas petition should be denied on the merits and a certificate of appealability will not issue.   An appropriate Order follows.

_____
JOEL A. PISANO
United States District Judge

DATED:   Jan 18        , 2005